IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE JAMES EZELL, | : | |
| | : | Bankr. No. 25-11210 (BLS) |
| Debtor. | : | Civ. No. 25-1158 (GBW) |
| | : | |
| IN RE WMI LIQUIDATING TRUST, | : | |
| | : | Bankr. No. 25-11209 (BLS) |
| Alleged Involuntary Debtor. | : | Civ. No. 25-1163 (GBW) |
| | : | |
| | : | |
| JAMES EZELL, | : | |
| | : | Bankr. No. 25-11209 (BLS) |
| Appellant, | : | Adv. No. 25-51041 (BLS) |
| v. | : | Civ. No. 25-1164 (GBW) |
| | : | |
| JP MORGAN CHASE BANK N.A., *et al.*, | : | |
| | : | |
| Appellees. | : | |

**MEMORANDUM**

*Pro se* appellant James Ezell ("Appellant") has filed the above-captioned three appeals and numerous additional motions seeking to forestall foreclosure on rental property that he owns in Ashbury Park, New Jersey (the "Property"). Millenium Trust Company, LLC asserts that it is the current holder of the Note and Mortgage relating to the Property. (Bankr. 25-11210-BLS, D.I. 36.) This Memorandum addresses various motions for emergency relief filed by Appellant.

I. **BACKGROUND**

   A. **Appellant's Voluntary Chapter 7 Case (Bankr. No. 25-11210 (BLS))**

   On June 24, 2025, Appellant filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code, which was deficient in many aspects. (*See* Bankr. D.I. 1, 2, 4, 5.) On June 25, 2025, the Bankruptcy Court issued an order setting a status conference on the case for July 16, 2025, requiring Appellant to attend in person, and advising that failure to appear may result in the dismissal of the chapter 7 case. (Bankr. D.I. 7.) Appellant did not attend. On July 23, 2025, the

1

Bankruptcy Court issued an order dismissing the case (Bankr. D.I. 20) (the "Ezell Dismissal Order.")

On July 28, 2025, Appellant filed a motion for reconsideration of the Ezell Dismissal Order. (Bankr. D.I. 23.) On August 21, 2025, the Bankruptcy Court held a hearing (the "August 21 Hearing") to consider the motion for reconsideration and other matters. (Bankr. D.I. 31.) At the hearing, the Bankruptcy Court received into evidence numerous documents from Appellant and heard his presentation on the lengthy history of the dispute relating to the Property and his desire for legal relief. On September 4, 2025, the Bankruptcy Court issued a letter ruling (Bankr. D.I. 32) (the "Letter Ruling"). The Letter Ruling explains that Appellant does not have any connection to Delaware, as the Property is located in New Jersey and Appellant advised the court that he is a long time resident of Alabama. (*Id.* at 2). The Bankruptcy Court noted that Appellant filed a chapter 13 case in Alabama nearly a decade ago for the same purpose of forestalling foreclosure on his Property. (*See id.* at n.7; *In re Ezell*, Case No. 16-4389 (JCO), Docket No. 214 (Bankr. S.D. Ala. 2016) (Opinion dated June 5, 2016 granting relief from automatic stay to permit mortgage creditor to pursue remedies against the Property in New Jersey state court and noting (nine years ago) "the long and tortured history" of this dispute.) Accordingly, on September 4, 2025, the Bankruptcy Court issued an order denying reconsideration of the Dismissal Order. (Bankr. D.I. 33.)

On September 16, 2025, Appellant filed a notice of appeal with respect to the Ezell Dismissal Order. (Civ. No. 25-1158-GBW, D.I. 1.)

**B.     The Purported Involuntary Petition (Case No. 25-11209 (BLS))**

On June 24, 2025, Appellant filed a purported involuntary chapter 7 petition (Bankr. D.I. 1) against a trust (the "WMI Liquidating Trust") created pursuant to a plan of reorganization which was confirmed in the chapter 11 cases of *Washington Mutual, Inc. et al.* ("WMI") on February 23, 2012. Appellant asserts that his mortgage obligations were "discharged" upon plan confirmation.

2

On June 25, 2025, the Bankruptcy Court issued an order setting a status conference on the case for July 16, 2025, requiring Appellant, as petitioning creditor, to attend in person, and advising that failure to appear may result in the dismissal of the chapter 7 case. (Bankr. D.I. 5.) On July 2, 2025, Appellant filed a Request for ADA Accommodations (Bankr. D.I. 8) ("ADA Request"). A hearing on the ADA Request was scheduled for July 31, 2025. (Bankr. D.I. 9.) Because Appellant did not attend the July 16, 2025 status conference, however, the Bankruptcy Court issued an order on July 24, 2025 dismissing the involuntary case (Bankr. D.I. 11) (the "WMI Dismissal Order"), prior to the hearing on the ADA Request.

On July 28, 2025, Appellant filed a motion for reconsideration of the WMI Dismissal Order (Bankr. D.I. 13). Appellant's motion for reconsideration was also heard at the August 21 Hearing (Bankr. D.I. 20), which Appellant attended and presented argument. In the Bankruptcy Court's subsequent Letter Ruling (Bankr. D.I. 21), it explained that (i) the involuntary petition did not meet any of the material requirements set forth in 11 U.S.C. § 303(b) to commence an involuntary case; (ii) the WMI Liquidating Trust ceased to exist in 2019; and (iii) even if there were actions taken or rulings given in the *Washington Mutual* bankruptcy case, there is no basis alleged for any relief that could be obtained through the involuntary petition. (*See id.* at 3.) "More specifically," the Bankruptcy Court explained, "Mr. Ezell believes that certain orders from the *Washington Mutual* case protect or insulate the Property from foreclosure (or stripped creditors of the right to pursue remedies against the Property). Even if that is the case, it is not necessary or appropriate to commence an involuntary proceeding to obtain the benefit of such orders (if any)." (*Id.*) "There is no purpose to be served by putting the putative debtor into an insolvency proceeding." (*Id.*) Accordingly, on September 4, 2025, the Bankruptcy Court issued its order denying reconsideration of the WMI Dismissal Order. (Bankr. D.I. 23.) On September 16, 2025, Appellant appealed the WMI Dismissal Order. (Civ. No. 25-1163-GBW, D.I. 1.)

C.  **The Adversary Proceeding (Adv. No. 25-51041 (BLS))**

On June 24, 2025, Appellant filed a complaint initiating an adversary proceeding against JP Morgan Chase Bank N.A. and various other creditor parties ("Defendants"), apparently seeking declaratory and injunctive relief to prevent the exercise of creditor remedies against the Property. (Adv. D.I. 1.) On June 25, 2025, the Bankruptcy Court issued an order setting a status conference in the case for July 16, 2025, requiring Appellant to attend in person, and advising that failure to appear may result in the dismissal of the adversary proceeding. (Adv. D.I. 3.) As noted, Appellant did not attend. On July 24, 2025, the Bankruptcy Court issued an order dismissing the adversary proceeding (Adv. D.I. 9) (the "Adversary Dismissal Order").

On July 28, 2025, Appellant filed a motion for reconsideration of the Adversary Dismissal Order. (Adv. D.I. 11.) Appellant's motion for reconsideration was also heard at the August 21 Hearing (Adv. D.I. 16), which Appellant attended and presented argument. In the Bankruptcy Court's subsequent Letter Ruling, it explained that (i) the adversary proceeding was filed under the involuntary petition, which has been dismissed; (ii) "since neither the Property nor Mr. Ezell are in Delaware it does not appear that this Court has the authority to grant any relief in the adversary proceeding." (Adv. D.I. 17 at 3.) Accordingly, on September 4, 2025, the Bankruptcy Court issued an order denying Appellant's motion for reconsideration of the Adversary Dismissal Order. (Bankr. D.I. 18.) On September 16, 2025, Appellant appealed the Adversary Dismissal Order. (Civ. No. 25-1164-GBW, D.I. 1.)

**II.  JURISDICTION**

The Court has jurisdiction to hear an appeal from a final order of the Bankruptcy Court pursuant to 28 U.S.C. § 158(a)(1). An order dismissing a chapter 7 case is a final order. *See In re Taylor*, 913 F.2d 102, 104 (3d Cir. 1990) (order is final and immediately appealable if it "fully and finally resolved a discrete set of issues, leaving no related issues for later determination"). An order

dismissing an adversary proceeding is a final order. *In re Arctic Glacier Int'l, Inc.*, 255 F. Supp. 3d 534, 545 (D. Del. 2017), *aff'd*, 901 F.3d 162 (3d Cir. 2018), *as amended* (Oct. 24, 2018); *In re Target Indus., Inc.*, 386 Fed. App'x 233, 235 n.1 (3d Cir. 2010) (order dismissing adversary proceeding claims constituted final order).

### III. DISCUSSION

Appellant has filed various lengthy requests for emergency relief in the appeals, and, adding to the confusion, Appellant has filed these requests in duplicate. The emergency motions pending before the Court are:

- "Emergent Motion to Waive Filing Fee" (Civ. No. 25-1158, D.I. 5; Civ. No. 25-1163, D.I. 4; Civ. No. 25-1164, D.I. 4) (the "Emergency Motions to Waive Filing Fees");

- "Emergent Motion for an Order to Show Cause to Reimpose the Automatic Stay Injunction, for a Declaratory Judgment, and for Default Judgment" (Civ. No. 25-1158, D.I. 4) (the "Emergency Motion");

- "Supplemental Emergent Motion to Expedite and for Immediate Injunction" (Civ. No. 25-1158, D.I. 6; Civ. No. 25-1163, D.I. 5; Civ. No. 25-1164, D.I. 5) (the "Emergency Supplemental Motions to Expedite");

- "Amended Emergent Omnibus Rule 60(b)(4) Motion" (Civ. No. 25-1158, D.I. 7; Civ. No. 25-1163, D.I. 6; Civ. No. 25-1164, D.I. 7) (the "Emergency Rule 60(b)(4) Motions").

For the reasons set forth below, these motions are denied.

#### 1. The Emergency Motions to Waive Filing Fees Are Denied as Moot

Appellant filed these appeals without prepayment of the filing fees. Appellant's Emergency Motions to Waive Filing Fees are procedurally improper. To obtain such relief, Appellant was required to submit a complete application to proceed without prepayment of fees (AO Form 239). The docket reflects, however, that Appellant has since paid the required filing fees. (*See* Civ. No. 25-1158, D.I. 9 (noting receipt of filing fee); Bankr. No. 25-11209-BLS, Bankr. D.I. 32 (noting receipt of filing fee for appeal docketed at Civ. No. 25-1163); Civ. No. 25-1164, D.I. 9 (noting

receipt of filing fee); *see also* USBK/DE Receipt Nos. 10095794 & 10095776.) The procedurally improper Emergency Motions to Waive Filing Fees are therefore denied as moot.

2.  **The Emergency Motion**

Appellant argues that immediate judicial action in the form of injunctive and declaratory relief is required to stop "a fraudulent and improperly filed motion to reinstate foreclosure in the Superior Court of New Jersey." (Civ. No. 25-1158, D.I. 4 at 2 of 6.)

***Grounds for relief.*** As he argued before the Bankruptcy Court, Appellant's request for relief is based on his belief that his "mortgage debt was discharged by law in the [WMI] bankruptcy and subsequently transferred through a series of assignments that are void *ab initio* … in brazen violation of the automatic stay (11 U.S.C. § 362) and the permanent discharge injunction (11 U.S.C. § 1141) stemming from the WMI bankruptcy." (*Id.*)

In support, Appellant attaches the WMI plan but points to no provision that relieved him of his debt obligations under the Note and Mortgage. (D.I. 4-3.) Appellant further cites an August 22, 2024 Bankruptcy Court order that, in his view, confirms that his Note and Mortgage were "discharged" in the *Washington Mutual* bankruptcy (D.I. 6-3) (the "August 22, 2024 Order.") Appellant's reliance is misplaced. The August 22, 2024 Order, apparently issued in connection with Appellant's *ex parte* application to reopen the *Washington Mutual* bankruptcy cases, simply states that "any and all claims arising from the note and mortgage executed March 18, 2003, that the ***Appellant may have against Washington Mutual, Inc.*** … or its successors has been discharged in accordance with the confirmation order." (*Id.* at ¶ 1.) This statement is consistent with the ordinary discharge of claims against a debtor pursuant to a confirmed chapter 11 plan. The August 22, 2024 Order ***does not relieve Appellant of his debt obligations*** under the Note and Mortgage nor does it evidence that the confirmed plan somehow relieved Appellant from those obligations.

6

Finally, Appellant argues that the appealed Orders were issued "without notice, without a hearing, and after the time for defendants to respond had already expired." (D.I. 4 at 4 of 6.)

***Relief requested.*** Although far from clear, the Emergency Motion seeks several forms of relief that are either procedurally improper or that are based on the merits of the appeals, which have yet to be briefed.

First, the motion seeks an order to "reimpose the automatic stay" in order to enjoin the state court foreclosure proceedings. (*See* D.I. 4 at 1 of 6.) Such emergency relief goes to the merits of his appeal—namely, whether Appellant's chapter 7 case was improperly dismissed—and is inappropriate in the context of an emergency motion.

Second, Appellant seeks an order declaring the Defendants "in default," arguing that they did not timely respond to the complaint in the adversary proceeding or the involuntary petition, and thus the orders dismissing those proceedings "stripped [Appellant] of his right to default judgment." (*Id.* at 4 of 6) Appellant's arguments are unclear. The involuntary case was dismissed because, among other things, Appellant did not meet the statutory requirements to be a petitioning creditor under section 303 of the Bankruptcy Code. Defendants had no obligation to respond to the involuntary petition against the WMI Liquidating Trust, and in any event, no "default judgment" would relieve Appellant of his burden to meet the statutory requirements. Whether the involuntary bankruptcy was improperly dismissed, together with the attendant adversary proceeding, goes to the merits of those appeals.

Third, Appellant seeks an order vacating the three appealed Dismissal Orders, which requires a decision on the substantive merits of the appeals.

Fourth, Appellant seeks a declaratory judgment stating that various mortgage assignments are void *ab initio* and that the New Jersey state court lacks subject matter jurisdiction. The assignments are not the subject of these appeals, which challenge whether the Appellant's chapter 7

7

case was improperly dismissed and whether the involuntary case against the WMI Liquidating Trust was improperly dismissed. Even if the assignments were the subject of the appeals, such relief is not appropriate in the context of an emergency motion.

Fifth, Appellant asks this Court to "[r]emand the cases to the Honorable Judge Mary F. Walrath, who possesses unique and invaluable knowledge of the WMI bankruptcy and its confirmed plan." (D.I. 4 at 6 of 6.) Such relief is procedurally inappropriate for a host of reasons, including that "the cases" have been dismissed, their dismissal is on appeal, and Judge Walrath has already issued a ruling denying Appellant's motion to reopen the *Washington Mutual* bankruptcy cases in connection with the dispute.

Finally, Appellant seeks an "immediate emergent hearing." (*Id.*) Even assuming this Court scheduled an emergency hearing, it is unclear what relief the Court could grant at this juncture.

### 3. The Emergency Supplemental Motions to Expedite

Appellant seeks expedited consideration of the appeals as the "New Jersey Superior Court has reinstated my foreclosure case, putting my property at risk until my appeals can be heard." (D.I. 6 at 1 of 3). "This motion requests a temporary stay on all related proceedings until my appeals are exhausted." (*Id.*) The Court has jurisdiction over the appeals of the Dismissal Orders and nothing else. It is unclear how staying the Dismissal Orders can have any effect on the state court proceedings. What Appellant is really seeking is an order enjoining state court proceedings. As set forth above, there is no jurisdictional basis to grant such relief.

### 4. The Emergency Rule 60(b)(4) Motions

Appellant argues that the Bankruptcy Court erroneously treated Appellant's motions as motions for reconsideration of the Dismissal Orders. Appellant alleges that he filed motions under Federal Rule of Civil Procedure 60(b)(4) for relief from a void order. Appellant argues that a court is required to conduct a de novo review when a judgment is alleged to be void. Appellant further

8

argues that the Bankruptcy Court failed to issue a written opinion that contained findings of fact and conclusions of law. These are not requests for emergency relief. Rather, these are alleged errors which Appellant is free to address in his briefing on the merits.

## IV.    CONCLUSION

For the reasons set forth herein, the emergency motions are denied. A separate order shall follow.

_____
THE HONORABLE GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE